IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01350-CMA-KLM

SEELEY INTERNATIONAL PTY LTD,

 Plaintiff,

v.

VALERIY MAISOTSENKO,
M-CYCLE INDUSTRIES, INC., and
M-CYCLE CORPORATION, LTD,

 Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

 This matter is before the Court on the Court's **Order Regarding Discovery Misconduct** [#92] (the "Order").   The Order [#92] was issued as a result of Plaintiff's Motion to Compel [#88], filed on January 25, 2023.   Defendants did not file a response to the Motion to Compel [#88].   As stated in the Order [#92]:

> The Motion seeks to compel inspection of air conditioner models manufactured by Defendants (the "Accused Instrumentalities").   The Court ordered Defendants to produce the Accused Instrumentalities for inspection on September 1, 2022.   *Order* [#68].   Defendants did not object to the Order.   But Plaintiff avers in the Motion that its counsel has "made repeated attempts to contact counsel for Defendants [ ] to meet and confer regarding scheduling an inspection of the Accused Instrumentalities, without success."   *Motion* [#88] at 4.   Plaintiff's counsel recounts several interactions with defense counsel that smack of delay and obstructive tactics.   *Id.* at 4-6.   The Court has had enough, and therefore makes clear to Defendants what sanctions will be imposed should they continue to delay and frustrate Court-ordered discovery in this matter.

> IT IS HEREBY **ORDERED** as follows.   ***This Order is the Court's final***

*__warning to Defendants and their counsel__*:

(1) Defendants **_shall_** produce the Accused Instrumentalities for inspection by Plaintiff on or before **March 3, 2023**. The Accused Instrumentalities shall be produced by Defendants **at a time and place convenient to Plaintiff and its counsel.**

(2) If Defendants fail to comply with paragraph (1) above, Plaintiff shall file a "Notice of Defendants' Non-Compliance with Discovery Order" on the electronic docket in this case.

(3) **If a Notice of Non-Compliance with Discovery Order is filed by Plaintiff, the Court _shall_ enter the following sanctions against Defendants and/or their counsel:**

> (a) An award of costs and attorney fees in favor of Plaintiff for all amounts incurred by Plaintiff relating to discovery of the Accused Instrumentalities to date;

> (b) A Recommendation that default judgment enter in favor of Plaintiff and against Defendants as a sanction for violating Court orders and obstructing discovery pursuant to Fed. R. Civ. P. 37(b)(2)(vi).

*Minute Order* [#92] at 1 (emphases in original).[1] To date, Defendants have not produced the Accused Instrumentalities and have not otherwise responded to the Court's Minute Order [#92].

## I. Background

According to the Amended Complaint [#36], this case arises from Defendants' alleged "ongoing breach of contract, misappropriation of trade secrets, and patent infringement that continue to cause [Plaintiff] irreparable harm to its goodwill, market position, and reputation in the heating, ventilation, and air conditioning ("HVAC") industry." *Am. Compl.* [#36] ¶ 7. Plaintiff seeks injunctive relief and monetary damages. *Id.* at 8.

---

[1] This Recommendation only addresses the sanction of default judgment. The Court will address the sanction of attorneys' fees in a separate order.

Plaintiff "is an air conditioning and gas heating manufacturer servicing commercial, industrial, and residential markets across the globe" and "is a world leader in the air-cooling industry aiming to create highly innovative and energy-efficient climate control solutions." *Id.* ¶ 9. Defendant Valeriy Maisotsenko ("Maisotsenko") "is the credited inventor of a revolutionary air-cooling methodology and technology known in the HVAC industry as the M-Cycle," which "uses thermodynamics and psychrometric renewable energy to achieve cooler air faster and more efficiently than a traditional air cooler." *Id.* ¶ 10. In short, the "M-Cycle is based on an air-cooling method known as indirect evaporative cooling," which "occurs by injecting water onto the exterior or interior walls of a heat exchanger." *Id.* "The heat exchanger evaporates the water which imparts a cooling effect to the opposite side of the walls," and the "chilled surface of the heat exchanger wall then cools passing airflow." *Id.* "[T]he M-Cycle represents a proprietary, scientific method for an air cooler to produce colder product air more efficiently than a traditional indirect evaporative cooler." *Id.* ¶ 12.

According to Plaintiff, the M-Cycle patents were purchased by Coolerado Corporation in 2010, *id.* ¶ 13, and then Plaintiff purchased the M-Cycle patents in 2015, *id.* ¶ 15. The latter purchase agreement "incorporated a list of patents Coolerado sold to [Plaintiff] which comprise the integral features and methodology of the M-Cycle." *Id.* ¶ 16. Plaintiff states that "the following [fifteen] patents owned by [Plaintiff] . . . capture and protect the technology, methodology, and inventions that comprise the M-Cycle": (1) WO 02/027254 A3 – Application No. AU 2001294882 B2; (2) WO 03/49844 – Application No. AU 2002346722 B2; (3) WO 05/080881 – Application No. 2005215644 B2; (4) CA

–3–

2469648 C – Application No. US 2002/039808; (5) CA 2554512 C – Application No US 2005/005441; (6) EP 1334325 B1 – International Application No. PCT/US2001/030468; (7) EP 1465721 B1 – International Application No. PCT/US2002/039808; (8) EP 1716369 B1 – Application No. 5713879.4; (9) US 6497107 B2 – Application No. 09/916800; (10) US 6581402 B2 – Application No. 09/966928; (11) US 6705096 B2 – Application No. 10/316775; (12) US 6776001 B2 – Application No. 10/203195; (13) US 7197887 B2 – Application No. 10/397901; (14) US 7228699 B2 – Application No. 11/061124; and (15) WO 2005/080881 A1 – Application No. PCT/US2005/005441.   *Id.*   Plaintiff collectively refers to these as the "Patents" for purposes of the Amended Complaint [#36].   *Id.*

Defendant Maisotsenko signed a Non-Competition and Non-Solicitation Agreement with various other parties and non-parties, including Plaintiff, with respect to the M-Cycle.   *Id.* ¶ 17.   However, in short, Plaintiff alleges that Defendant Maisotsenko later "began directly competing with [Plaintiff] by developing and manufacturing indirect evaporative coolers that implement the M-Cycle, the technology protected by the Patents," and that Defendant Maisotsenko "has used his knowledge of [Plaintiff's] patented technology, trade secrets, and intellectual property regarding the M-Cycle to form the businesses known as M-Cycle Corporation Ltd. and M-Cycle Industries, Inc.," the two corporate Defendants in this case.   *Id.* ¶ 22.   Plaintiff states that "Defendants are infringing on the Patents by implementing the protected M-Cycle technology into their products."   *Id.* ¶ 23.   Allegedly, "[t]hrough his M-Cycle Companies, [Defendant] Maisotsenko is currently and has been manufacturing and selling a competing air cooler called the Gen3 Air Conditioner, which implements the M-Cycle technology protected by

the Patents and rightfully owned by [Plaintiff]." *Id.*   As a result of these allegations,

Plaintiff filed this case on May 17, 2021.   *See Compl.* [#1].

## II.   Legal Standard

Federal Rule of Civil Procedure 37(b)(2) provides in part: "If a party . . . fails to

obey an order to provide or permit discovery, . . . the court where the action is pending

may issue further just orders."   Rule 37(b)(2)(A)(i)-(vii) permits the following sanctions:

> (i) directing that the matters embraced in the order or other designated facts
> be taken as established for purposes of the action, as the prevailing party
> claims; (ii) prohibiting the disobedient party from supporting or opposing
> designated claims or defenses, or from introducing designated matters in
> evidence; (iii) striking pleadings in whole or in part; (iv) staying further
> proceedings until the order is obeyed; (v) dismissing the action or
> proceeding in whole or in part; (vi) rendering a default judgment against the
> disobedient party; or (vii) treating as contempt of court the failure to obey
> any order except an order to submit to a physical or mental examination.

## III.   Analysis

The Court's "discretion to choose a sanction is limited in that the chosen sanction

must be both 'just' and 'related to the particular "claim" which was at issue in the order to

provide discovery.'"   *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920-21 (10th Cir. 1992).

Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(vi), "when a party fails to comply with a discovery

order, the Court may impose a default judgment against the disobedient party as a

sanction."   *New Age Elecs., Inc. v. Spectrum Commc'ns Grp., Inc.*, No. 06-cv-00723-

MSK-MEH, 2007 WL 1395327, at *2 (D. Colo. May 9, 2007).   However, prior to doing so,

the Court must consider the factors set forth in *Ehrenhaus*,[2] namely: "(1) the degree of

---

[2]   The Court notes that, pursuant to Rule 37, the *Ehrenhaus* factors apply both to a
sanction of default judgment and to dismissal of a case.   *See, e.g.*, *New Age Elecs.*, 2007 WL
1395327, at *2 (applying the factors to a recommendation for default judgment against defendants

actual prejudice to the [injured party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ehrenhaus*, 965 F.2d at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.*, 167 F.R.D. 90, 101 (D. Colo. 1996).

The sanction of dismissal, including default judgment, "is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Ecclesiastes 9:10–11–12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).   While the Court is mindful of the fact that "[d]efault judgment is a harsh sanction," it is justified when "'predicated upon willfulness, bad faith, or [some] fault of petitioner' rather than the inability to comply." *Signer v. Pimkova*, No. 05-cv-02039-REB-MJW, 2007 WL 1058578, at *1 (D. Colo. Apr. 6, 2007) (citations omitted).

## A.    Prejudice to Plaintiff

The Court finds that Defendants' conduct prejudiced Plaintiff's ability to prosecute its case.   In this regard, the Court notes that Defendants' abuses have caused Plaintiff to expend unnecessary resources and time to seek Defendants' compliance with their discovery obligations, including complying with orders of the Court.   Defendants' conduct has unnecessarily delayed or prevented Plaintiff from obtaining discovery on key issues, which has required Plaintiff to seek relief of the Court.   *See, e.g.*, *Motion to Compel* [#88].

---

for discovery abuses).

The Court notes that its Order [#68] requiring production of the Accused Instrumentalities was issued on September 1, 2022, and became "final" when Defendants failed to object to inspection by September 9, 2022, the date set by the Court in its Order [#68] for objections to be filed.   Thus, Defendants have failed to comply with the Court's Order [#68] requiring production for inspection for more than six months.   In addition, Defendants' complete failure to produce the Accused Instrumentalities for inspection is wholly unjustified.   Defendants' total inaction clearly prejudiced Plaintiff and negatively impacted its ability to move forward with this case.

**B.    Interference with the Judicial Process**

The Court finds that Defendants' conduct in this case has interfered with the judicial process.   Just as Plaintiff is burdened by Defendants' abuses so, too, is the Court.   The issue here "is respect for the judicial process and the law."   *See Cosby v. Meadors*, 351 F.3d 1324, 1326-27 (10th Cir. 2003).   The Court is, frankly, perplexed and offended by Defendants' behavior.   Defendants' conduct has required the Court to issue several orders and this Recommendation that are related in some way to Defendants' neglect of their discovery responsibilities.   Moreover, the Court's continual review of this case and the issuance of orders prompted by Defendants' discovery abuses and disregard for Court orders increases the workload of the Court and interferes with the administration of justice.   Indeed, Defendants' conduct has required the Court to expend unnecessary effort and time and has taken its attention away from other matters where the parties have fulfilled their obligations and are deserving of prompt resolution of their issues.   Indeed, this Recommendation "is a perfect example, demonstrating the

substantial time and expense required to perform the legal research, analysis, and writing to craft this document." *Lynn v. Roberts*, No. 01-cv-3422-MLB, 2006 WL 2850273, at *7 (D. Kan. Oct. 4, 2006).

## C.   Culpability of Defendants

Defendants have, without any excuse, failed to comply with two Orders [#68, 92] of the Court.   Moreover, as noted above, production of the Accused Instrumentalities has been pending since early September 2022, with no date for Defendants' compliance in sight.   Their conduct has prompted the Court to issue the present Recommendation. Defendants' failure to comply with the September 2022 Order [#68] and their most recent failure to comply with the Court's February 27, 2023 Order [#92] appears to be willful. Simply, Defendants knew what the Court expected of them, but they willfully chose to disregard the Court's clear Orders.   The Court also notes that despite Defendants' continued representation by legal counsel, their ability to file objections with the District Court or to move the Court to reconsider its Orders, Defendants chose not to raise any challenge to the Orders at issue here and must now suffer the justified consequences of their noncompliance.   Considering the record before the Court, the Court finds that Defendants' disregard for the Court's Orders and the discovery process was willful, and that they are responsible for their litigation abuses.

## D.   Advance Notice of Sanction of Dismissal

Defendants were warned in the Court's February 27, 2023 Order [#92] that their failure to comply with the Court's discovery Order would result in the undersigned recommending the sanction of default judgment.   Thus, Defendants knew, or reasonably

should have known, that their continued litigation abuses in this case not only could but *would* result in such a sanction in the future. Accordingly, it should be no surprise to Defendants that their conduct results in a recommendation that default judgment be imposed.

### E.    Efficacy of a Lesser Sanction

Finally, the Court finds that no sanction less than default judgment would be effective. Orders requiring Defendants' compliance and warnings about possible future sanctions have been resoundingly unsuccessful. In fact, leniency by permitting Defendants' one last chance to produce the Accused Instrumentalities for inspection has been rewarded with further disrespect for the Court, Plaintiff, and the discovery process. Moreover, it is entirely clear to the Court that Defendants are wholly unconcerned about proceeding with this case. Under these circumstances, no lesser sanction would be effective. Default judgment is the appropriate result. *See, e.g.*, *EBI Sec. Corp. v. Hamouth*, 219 F.R.D. 642, 647-48 (D. Colo.2004) (entering default judgment for the defendants' disregard of discovery orders, their failure to meet deadlines to comply or make requests for extension, and their inability to offer reasonable justifications for their failures); *Haskins v. Lister*, 626 F.2d 42, 43 (8th Cir.1980) (upholding sanction of default judgment for the defendant's failure to fully comply with discovery orders particularly considering court's efforts to accommodate the defendant and its initial imposition of lesser sanctions); *Emerick v. Fenick Indus., Inc.*, 539 F.2d 1379, 1380-81 (5th Cir. 1976) (upholding sanction of default judgment where discovery had been pending for eleven months and the defendant was still not in compliance despite its insistence that it could

not comply); *Lindsey v. Jackson*, 87 F.R .D. 405, 407-08 (N.D. Miss. 1980) (entering default judgment where the defendant failed to timely comply with discovery orders, offered no excuse, did not seek extensions of time to comply, and had been warned for five months that he would be sanctioned for noncompliance).

Accordingly, weighing the *Ehrenhaus* factors as discussed above, the Court **recommends that** default and default judgment be entered against Defendants.

## IV.   Conclusion

For the reasons stated above,

IT IS HEREBY **RECOMMENDED** that default and default judgment be entered against Defendants based on their failure to comply with Court Orders [#68, #92] for an amount to be determined either upon motion or by hearing.   *See* Fed. R. Civ. P. 37(b)(2)(A)(vi) (permitting sanction of "rendering a default judgment against the disobedient party").

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.   A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.   *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).   A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo

review by the District Court or for appellate review.   *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

DATED: March 29, 2023

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

–11–