IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 21-cv-01350-CMA-KLM

SEELEY INTERNATIONAL PTY LTD,

    Plaintiff,

v.

VALERIY MAISOTSENKO,
M-CYCLE INDUSTRIES, INC, and
M-CYCLE CORPORATION, LTD,

    Defendants.

# ORDER

This matter is before the Court *sua sponte*. On April 14, 2023, the Court affirmed the Recommendation of United States Magistrate Judge and directed the Clerk to enter Default and Final Judgment against Defendants Valeriy Maisotsenko, M-Cycle Industries, Inc., and M-Cycle Corporation, LTD. (Doc. # 99.) The Court also directed Plaintiff Seeley International Pty, Ltd ("Seeley") to file a brief and supporting documents outlining its requested damages. (*Id.* at 3.)

Seeley complied with this directive on May 15, 2023. (Doc. # 102.) In its brief, Seeley argues that it is entitled to compensatory damages in the form of a reasonable royalty. (*Id.* at 15–18.) Seeley calculates this reasonable royalty by first calculating a "value per year," derived by dividing the cost it paid to acquire Coolerado—a former competitor and the prior owner of the Patents-in-Suit—in 2015, by ten—the number of

years remaining on the youngest patent. (*Id*. at 16–18; Doc. # 102-1 at ¶¶ 11–13.) Seeley then multiplied that "value per year" by four—the number of years that Defendants infringed upon the patents. (Doc. # 102 at 16–18; Doc. # 102-1 at ¶¶ 11–13.)

The Court recognizes that it has discretion under 35 U.S.C. § 284 in deciding how to compute a reasonable royalty. *Golight, Inc. v. Wal-Mart Stores, Inc.*, 216 F. Supp. 2d 1175, 1183 (D. Colo. 2002) (citing *TWM Mfg. Co. v. Dura Corp.*, 789 F.2d 895, 900 (Fed. Cir. 1986)). However, the Court should not "merely accept[] the royalty figures advanced by the litigants, [and rather] must make its determination of a reasonable royalty based on the entirety of the evidence, [] not restricted to any particular figure. *Id*. at 1182 (citing *SmithKline Diagnostics, Inc. v. Helena Labs. Corp.*, 926 F.2d 1161, 1168 (Fed. Cir. 1991)).

The Court is not convinced that Seely's proposed method is an appropriate means of calculating a reasonable royalty. Initially, the Court notes that when Seeley purchased Coolerado, it purchased not only the Patents-in-Suit, but also Coolerado's "business and assets, including the patents, trade secrets, and intellectual property" related to the technology at issue. (Doc. # 102-1 at ¶ 11.) Seeley has not provided sufficient evidence to establish that the cost it paid for Coolerado represents the value of the patents alone. In fact, the affidavit of Jon Seeley, Seeley's Group Managing Director, indicates the purchase price for all Coolerado's patents was less than a quarter of the cost paid for the acquisition of Coolerado. (*Id.* at ¶ 12–13.) Further, the three Patents-in-Suit had different expiration dates, therefore the Court questions the

propriety of Seeley calculating its "value per year" for all three patents based on the expiration date of the youngest patent. See *Hildebrand v. Wilmer Corp.*, No. 21-1345, 2022 WL 2824258, at *2 (10th Cir. 2022) (noting that in *Brulotte v. Thys Co.*, 379 U.S. 29 (1964), in the context of a licensing agreement, the United States Supreme Court "held that a patent holder cannot charge royalties for the use of his invention after its patent term has expired." (internal quotation marks and citation omitted)).

The Federal Circuit has adopted the fifteen *Georgia-Pacific* factors as the benchmark for reasonable royalty determinations. See *SmithKline*, 926 F.2d at 1168. The Court recognizes that due to Defendants' default and the circumstances of this case, Seeley may not be able to present testimony on all the *Georgia-Pacific* factors. However, at the evidentiary hearing set by the Court, Seeley should be prepared to present as much evidence relevant to these factors as possible to meet its burden of establishing compensatory damages in the form of a reasonable royalty. See 35 U.S.C. § 284; *Golight*, 216 F. Supp. 2d at 1182. Seeley should also be prepared to provide evidence related to other aspects of its damages request including but not limited to its request for a permanent injunction, attorney fees, and exemplary damages.

DATED: June 1, 2023

BY THE COURT:

*[signature]*
CHRISTINE M. ARGUELLO
Senior United States District Judge